UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  19-80248-CV-SMITH
MAGISTRATE JUDGE REID

| | |
|---|---|
| JAMES SMITH, | : |
|     Plaintiff | : |
| v. | : |
| ARMOR CORRECTIONS MEDICAL DIRECTOR, et al., | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL FOR FAILURE TO PROSECUTE

Plaintiff filed a *pro se* Complaint in this action pursuant to 42 U.S.C. § 1983. [ECF 1]. Plaintiff is currently incarcerated in Palm Beach County Jail and proceeding *in forma pauperis*. [ECF 4]. This matter has been referred to the Undersigned for the issuance of Reports and Recommendations on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF 2].

After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the Undersigned entered an Order requiring an amended complaint to be filed on or before March 27, 2019. [ECF 6]. As of the date of this Report and Recommendation,

1

Plaintiff has not filed an amended complaint. Plaintiff's Complaint [ECF 1] should therefore, be **DISMISSED** for failure to comply with Court Orders and for failure to prosecute.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*

As discussed above, this Court Ordered Plaintiff to file an amended complaint on or before March 27, 2019. [ECF 6]. The time for filing the amended complaint has long passed, and the Plaintiff has not filed an amended complaint, nor has he sought an extension of time to do so.

It is also important to note that in the initial Order of Instructions sent to Plaintiff on February 27, 2019, he was further cautioned as follows:

> It is the plaintiff's responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial. Failure to do this will probably result in dismissal of the case for lack of prosecution.

[ECF 5 ¶11].

Here, the Plaintiff has not complied with this Court's previous Order. It appears that Plaintiff has abandoned this suit. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this case should be dismissed for failure to prosecute.

While dismissal of this action is clearly warranted, due to Plaintiff's *pro se* status, it would not be appropriate to dismiss the instant action with prejudice. The Undersigned is, therefore, not recommending permanently barring Plaintiff from bringing a meritorious claim, simply recommending dismissing the case **without prejudice**.[1]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 1st day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is cautioned that a § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)(citing *Owens v. Okure*, 488 U.S. 235 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).

cc: **James Smith**
0030255
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416
*PRO SE*